IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MARTHA G. MCCOY, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:16-cv-75 |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, d/b/a CIGNA GROUP INSURANCE, and LABORATORY CORPORATION OF AMERICA, | ) |
| Defendants. | ) |

## COMPLAINT

Comes now the Plaintiff, Martha G. McCoy, by and through counsel, and for cause of action would state as follows:

### JURISDICTION

1. The Plaintiff, Martha G. McCoy, is a citizen and resident of Knox County, Tennessee.

2. Defendant Laboratory Corporation of America ("LabCorp") is a business entity registered to do and doing business in the State of Tennessee. LabCorp may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312. At all material times, Defendant LabCorp acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3. Upon information and belief, it is alleged that Defendant LabCorp was Plaintiff's employer through the relevant time periods and is the Planholder and/or Plan Administrator and/or Plan Sponsor of the long term disability "Plan" from which Plaintiff sought benefits.

4. Upon information and belief, it is alleged that the Defendant LabCorp is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

5. Defendant Life Insurance Company of North America ("LINA"), d/b/a Cigna Group Insurance is an insurance company or third-party administrator with a principal office located in Philadelphia, Pennsylvania. LINA is a foreign corporation doing significant business within the state of Tennessee. LINA may be served through the Commissioner of Insurance located at 500 James Robertson Parkway, Nashville, Tennessee 37243.

At all material times, Defendant LINA acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

6. Upon information and belief, it is alleged that the Defendant LINA was the claims administrator and/or the party obligated to pay benefits and/or to determine eligibility for benefits under the plan.

7. Upon information and belief, it is alleged that the Defendant LINA is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the plan pursuant to 29 U.S.C. § 1102(a)(1).

8. The Plaintiff brings this action to recover benefits due for her long term disability

pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA §502(e)), and particularly 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 1337. Plaintiff's claims "related to" an "employee welfare benefits plan" as defined by ERISA and the subject disability benefit plan constitutes a "plan under ERISA." The Plaintiff at all times relevant to this action was a "participant" in the Plan as defined by 29 U.S.C. § 1002(7).

9. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations (29 C.F.R. § 2560.503-1) provide a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

10. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

11. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

FACTS AND CAUSE OF ACTION

12. At all times material, Plaintiff worked for Defendant Laboratory Corporation of America Associates, Inc.

13. As of June 6, 2013, Plaintiff developed certain physical conditions that made it impossible for her to continue her work with Defendant LabCorp, and ultimately Plaintiff's conditions resulted in a permanent and total long term disability in which Plaintiff cannot do any work for which she is or can become qualified by reason of her education, experience or training and is not expected to be able to continue such work for the duration of her life.

14. Ms. McCoy thereafter filed and received benefits under Defendant LabCorp's

3

short term disability policy.

15. Ms. McCoy timely filed a claim for long term disability benefits with the Defendant LINA for long term disability benefits under Defendant LabCorp's Plan.

16. On December 13, 2013, Defendant LINA denied Ms. McCoy's claim for long term disability benefits under the Defendant LabCorp Plan.

17. On or about March 31, 2014, Plaintiff appealed Defendants' denial of long term disability benefits through the Plan procedures.

18. On May 13, 2014, Defendant LINA acknowledged receipt of Ms. McCoy's appeal.

19. On May 29, 2014, Defendant LINA reversed its previous administrative decision to deny long term disability benefits under Defendant LabCorp's Plan to Ms. McCoy and paid benefits starting December 10, 2013.

20. On June 3, 2014, the Social Security Administration deemed Ms. McCoy to be entitled to Social Security Disability Insurance benefits with a date of onset of June 6, 2013.

21 In February of 2015, Defendant LINA scheduled a Functional Capacity Evaluation ("FCE") for Ms. McCoy allegedly to "properly evaluate his/her medical condition."

22. On March 3, 2015, Plaintiff wrote Defendant LINA requesting postponement of the FCE based on the opinions of Ms. McCoy's treating orthopedic physician, Randall Robbins, M.D., that Ms. McCoy was not at maximum medical improvement and not ready for a FCE. Opinions from Dr. Robbins regarding Ms. McCoy's restrictions were provided to the Defendant LINA.

23. On March 4, 2015, Plaintiff wrote Defendant LINA again asking for a postponement and provided additional medical proof.

24. Despite the opinions of Dr. Robbins, the Defendant LINA insisted on Ms. McCoy's completing of a FCE.

25. On March 27, 2015, Defendant LINA denied further long term disability benefits beyond March 25, 2015 to Ms. McCoy under Defendant LabCorp's Plan.

26. Defendant LINA alleged Ms. McCoy did not cooperate with Defendant LINA "in the administration of the claim" based on the FCE's results being "insufficient to determine your level of functionality."

27. Defendant LINA gave Ms. McCoy one hundred eight days (180) to submit an appeal and requested "written comments as well as any new information you may have" including medical records and information from treating physicians.

28. On June 18, 2015, Plaintiff wrote Defendant LINA requesting a copy of Plaintiff's file.

29. On September 22, 2015, Ms. McCoy submitted an administrative appeal with written comments, medical records, and opinions demonstrating that Ms. McCoy was not at MMI and not in position to fully participate in a FCE. The appeal was submitted via certified mail and proof of receipt by Defendant LINA was received.

30. On November 11, 2015, Ms. McCoy submitted additional comments and medical evidence demonstrating she met the Plan definition for benefits and that she was not at MMI and not in position to fully participate in a FCE. The letter was submitted via certified mail and proof of receipt by Defendant LINA was received.

31. On November 16, 2015, Ms. McCoy submitted additional comments and medical evidence demonstrating she met the Plan definition for benefits and that she was not at MMI and not in position to fully participate in a FCE. The letter was submitted via certified mail and proof

of receipt by Defendant LINA was received.

32. On December 22, 2015, Ms. McCoy sent a letter to Defendant LINA requesting information regarding the status of her administrative appeal pursuant to Defendant LabCorp's Plan. The letter was submitted via certified mail and proof of receipt by Defendant LINA was received.

33. Ms. McCoy provided ample evidence prior to and during her appeal to show that she was physically incapable of performing the FCE and/or work in any occupation as defined by the Plan.

34. Ms. McCoy cooperated with the Defendants in the administration of her Plan at all material times.

35. The Defendant LINA has acted under a Plan to take advantage of the potential applicability of ERISA to claims.

36. Under the terms of the Plan, Defendants agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

37. Plaintiff is disabled under the terms of the Plan.

38. Defendants failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

39. The decision to deny benefits was wrong under the terms of the Plan.

40. The decision to deny benefits and decision-making process were arbitrary and capricious.

41. The decision to deny benefits was not supported by substantial evidence in the record.

42. The appellate procedures did not provide the Plaintiff a full and fair review. In

6
Case 3:16-cv-00075-TRM-HBG   Document 1   Filed 02/16/16   Page 6 of 8   PageID #: 6

fact, the Defendants did not provide the Plaintiff with an appellate review as described by the Plan.

43. As ERISA fiduciaries, the Defendants owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-making process free of influence by self-interest.

44. The Defendants violated the fiduciary duties owed to the Plaintiff.

45. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiffs disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A. A declaration that Defendants have breached their fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B. A declaration that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits from the Plan.

C. Order Defendants to pay Plaintiff back benefits due under the Plan.

D. Order Defendants to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendants to pay him the amounts they have earned on the money wrongfully withheld from him as other equitable relief.

E. Order Defendants to pay Plaintiff the costs of him suit and reasonable attorney

fees.

      F.      Grant such other and further relief to which Plaintiff is entitled.

      G.      Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the ERISA record consecutively paginated.

Respectfully submitted, this 16th day of February, 2016.

                      s/ John P. Dreiser  
                      John P. Dreiser (BPR #020743)  
                      Attorney for the Plaintiff  
                      1356 Papermill Pointe Way  
                      Knoxville, TN 37909  
                      (865) 584-1211